Alvaro A.J. Salinero, Esq. Assistant Corporation Counsel, Schenectady
You have informed us that under the city charter the city council or the mayor has power to conduct investigations of any matter relating to the affairs of the city and may compel testimony and the production of documents. You have asked whether and through what means you can amend the charter to provide that the mayor or any councilman has power to conduct investigations, and whether such action is subject to mandatory referendum under the Municipal Home Rule Law.
Cities are authorized to adopt local laws, consistent with the Constitution and general State laws, revising their city charters (Municipal Home Rule Law, § 10[1][ii][c][1]). The law-making power possessed by a legislative body authorizes it to conduct inquiries or investigations to ascertain facts which affect public welfare and the affairs of government (In Mtr. of Joint Legis. Committee [Teachers Unionof City of N.Y.], 285 N.Y. 1, 8-9 [1941]; Hanna v Common Council,46 A.D.2d 503, 506-507 [4th Dept, 1975]). This power of investigation is an essential adjunct to the legislative function (ibid.). In our view, a legislative body may not transfer the power to initiate inquiries and investigations. To do so would constitute an unauthorized delegation of legislative authority (Atlantic-Inland v Union, 126 Misc.2d 509, 515 [Sup Ct, Broome Co, 1984]). A legislative body may, however, delegate, for example to a committee or to an executive officer, the responsibility to conduct a specific investigation and report findings to the legislative body (People ex rel. Doscher v Sisson, 222 N.Y. 387, 398 [1918]; In Mtr.of Joint Legis. Committee [Teachers Union of City of N.Y.], supra; Hannav Common Council, supra).
Having concluded that the proposed amendment to the charter is unauthorized, it is unnecessary to reach your other questions. We note, however, for your information, that any local law that abolishes, transfers or curtails any power of a local elected officer is subject to referendum (Municipal Home Rule Law, § 23[2][f]). A local law which transfers a power from a board to a single member of that board, in our view, is subject to mandatory referendum. This is because the authority of the board to prevent the exercise of the power would be curtailed by the local law. For that reason the local law would be subject to mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law (1970 Op Atty Gen [Inf] 80).
We conclude that a proposed amendment to a city charter granting to a single member of the city council the authority to conduct investigations constitutes an unauthorized delegation of legislative authority.